**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**JARED JENKINS, 97-R-9029,**

      **Petitioner,**        **02-CV-849B**

   **v.**             **DECISION**
                  **AND ORDER**
**NEW YORK STATE,**

      **Respondent.**

_____

   Petitioner, Jared Jenkins ("Jenkins"), filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 & 2254 in the Eastern District of New York on November 6, 2002, alleging that the New York State Department of Correctional Services incorrectly calculated his conditional and maximum release dates which resulted in his imprisonment beyond his actual sentence. (Dkt. #1). The matter was transferred to the Western District on December 2, 2002. (Dkt. #4). Since the filing of the petition, however, Jenkins has been released from custody.

   On June 28, 2005, this Court issued an Order (Dkt. #13) suggesting that the petition is moot because it no longer satisfies the case or controversy requirement of Article III, §2 of the U.S. Constitution. The order directed petitioner to file a Memorandum of Law by August 15, 2005 demonstrating a continuing concrete injury as a consequence of the alleged miscalculation. The court further required that petitioner demonstrate that the injury, if any, can be remedied by granting the writ, on penalty of dismissal of the petition. The Order also directed Jenkins to provide a service address or suffer a dismissal with prejudice for failure to comply with Rule 5.2(d) of the Local

Rules of Civil Procedure for the United States District Court of the Western District of New York.

A previous order in this case (see, Dkt. #12 and docket note dated 6/27/05) was returned as undeliverable.  The return indicated that Jenkins has been discharged both from the Bronx Psychiatric Center and prison, and that no further address is available for him.  To date, the Order requiring the memorandum and current address (Dkt. #13) has not been returned and petitioner has not responded to it.

The petition herein challenges the manner in which Jenkins's release dates were calculated by the State Department of Correctional Services and does not challenge the underlying criminal conviction.  A summary of the facts and background of the criminal case and the filing of the petition is unnecessary since the petition is now moot.

Thus, as a result of his release from custody, the Court finds that Jenkins's petition is moot because it no longer satisfies the case or controversy requirement of Article III, §2 of the U.S. Constitution [*Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004), *citing Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *accord Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 51 (2d Cir. 2004); *Swaby v. Ashcroft,* 357 F.3d 156, 159-60 (2d Cir. 2004)].  Moreover, petitioner has failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates which might be remediable by writ [*So v. Reno,* 251 F. Supp. 2d 1112, 1120 (E.D.N.Y.2003) (internal quotation marks omitted and emphasis added) (*citing, Spencer,* 523 U.S. at 7, 118 S.Ct. 978 *and Gonzalez v. INS,* 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); *see*

*also, Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002)].  The petition is therefore dismissed as moot.

Jenkins' failure to keep the court informed of his current address constitutes an additional ground for dismissal.  Rule 5.2 of the Local Rules of Civil Procedure for the United States District Court of the Western District of New York states that:

> (d) A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant.  Papers sent to this address will be assumed to have been received by plaintiff.
> In addition, the Court must have a current address at all times.  Thus, **a *pro se* litigant must inform the Court immediately in writing of any change of address.  Failure to do so may result in dismissal of the case with prejudice**.

Local Rules of Civil Procedure for the United States District Court of the Western District of New York, Rule 5.2(d) (emphasis added).  Jenkins has violated this local rule and there is no indication that he intends future contact with the Court.  As a result of petitioner's failure to furnish the Court with a current address or keep the Court informed of his release date and recent change in address, the petition is hereby dismissed with prejudice.

**CONCLUSION**

For the above stated reasons, this petition for habeas corpus relief is denied, and the action is dismissed.  Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these

issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals. Therefore, pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), this Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith. Therefore, the Court denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Any request to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
**VICTOR E. BIANCHINI**
United States Magistrate Judge

Dated:   August 23, 2005
         Buffalo, New York

4